NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

SARAH B. GLADSTONE, petitioner,

*v.*

TRENTON LEHIGH COAL COMPANY, respondent.

**Dependents—What Constitutes Dependents—Basis of Compensation—Employe Killed in Automobile Accident.**

*Mr. Alexander Budson,* for the petitioner.

*Mr. Raymond E. Taylor,* for the respondent.

This is a workmen's compensation case in which the petitioner seeks to secure compensation under chapter 95, laws of 1911, for herself and daughters on account of the death of her son while employed by the above respondent.

The facts concerning the accident are disposed of by stipulation. The questions in the case are—(a) who were dependents; (b) to what extent were they dependents, and (c) on what figure should the compensation rate be based.

Under the decisions one is dependent upon another when he looks to that other for the ordinary necessities of life involving food, raiment and shelter. One is totally dependent only when he looks to another to supply all of these elements, and one is only partially dependent if that other person supplies only some or a portion of these necessities.

In the present case the mother of the deceased owns the house in which the family lives. Neither she nor anyone else, therefore, depended upon the deceased for shelter, but inasmuch as he supplied the money necessary for the food and to some degree the raiment to certain members of the family, they are to be considered as partial dependents in

this case. The record shows that this should include: the petitioner in this cause, who was the mother of the deceased; Esther Gladstone, the youngest sister, and Mamie Gladstone, the oldest sister. This oldest sister, however, while actually a partial dependent, is not to be included in this action, she being over eighteen years of age at the time of the accident. She is mentioned here only because of the necessity of arriving at a weekly compensation rate. The record shows that Mamie, due to ill health, was able to work only part of the time, when she earned $18 per week. The record does not clearly establish just how much she worked, but I think it is reasonable to assume that she was, in general, able to work about one-half of the time.

Jennie Gladstone seems not to have been living at home for at least six months prior to the accident. She cannot, therefore, be included in the list of partial dependents.

It appears, then, that the income of the family was the earnings of the deceased, $32, and the average earnings of Mamie, $9, making $41, upon which the family was maintained. Four persons were supported on this, so that the upkeep of each may be stated as $10.25. Twice this, or $20.50, may be reasonably assumed to be the contribution made by the deceased to the support of his mother and youngest sister. Mamie, the oldest sister, may be left out of the calculation, since she earned just about enough to provide for herself, and her contributions were too small and irregular to be considered a source of income.

Compensation, therefore, is payable at the rate of forty per cent. of $20.50, or $8.20, until Esther reaches the age of eighteen years, at which time the rate will drop to thirty-five per cent., or $7.17, for the remainder of the three hundred weeks.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*